The Honorable Randy Bryant State Representative 14138 DeGraff Road Rogers, Arkansas 72736
Dear Representative Bryant:
This is in response to your request for an opinion on the following two questions:
 Does the term limit of twenty (20) years as set out in Arkansas Code Annotated, 14-234-108 apply to water contracts made between a city of the first class and a city of the second class on November 24, 1965?
 If Arkansas Code Annotated 14-234-108
does apply to such a contract, then what would be the present legal status of that contract taking into consideration that the contract provides no terms for the duration of the agreement?
The statute to which you refer, A.C.A. 14-234-108, authorizes cities of the first class owning or operating a waterworks system to sell water at contractual rates to other municipalities and improvement districts in the state. Subsection (b) thereof states that the contract shall be in writing, authorized by ordinances adopted by the governing bodies, and signed by the mayor of each contracting city or chairman of the improvement district. Subsection (b)(2) states that the contract "may be for a term of not exceeding twenty (20) years. . . ."
Your first question refers to a contract entered into by two municipalities on November 24, 1965, and inquires whether the statute above is applicable to such contract. I have not been provided with the contract at issue, and as a general matter this office does not construe specific contracts in the context of an official Attorney General Opinion. I will note, however, that the statute you reference was enacted in 1949, and unless the particular contract at issue recites another provision of law as its authority, it is my opinion that A.C.A. 14-234-108
would generally apply to contracts entered into after the effective date of the act. A conclusive response, however, would require a review, by a fact finder, of the contract at issue, and any relevant circumstances surrounding its execution.
In response to your second question, it has been held that contracts which contain no provision fixing the duration thereof are terminable at the will of either party. Delony v. Rucker. City of Little Rock v. Little Rock and Westwood Water 
Light District No. 2, 227 Ark. 869, 302 S.W.2d 287 (1957), (contract for the sale of municipal water with no stated duration is terminable at will of either party). See also Adkisson v. Ozment, 12 Ill. Dec. 790, 370 N.E.2d 594 (1977) (indefinite duration contract for sale of water terminable after eighteen years). It should be noted, however, that the contract to which you refer may have exceeded a statutory limitation on its duration. In such a case there is authority for the proposition that the cities cannot continue to provide and receive services without the execution of new contracts. Township of Lawrence v. Ewing — Lawerence Sewerage Authority,233 N.J. Super. 253, 558 A.2d 525 (1989). It was noted in this case, however, that the city could ratify that part of the contract which exceeded the statutory duration and under which performance was had, by adopting appropriate resolutions. Under Arkansas law, such ratification may have already occurred, in light of the actions of the parties in continuing performance. See City of Benton v. Powers, 269 Ark. 853,601 S.W.2d 260 (1980), and Forrest City v. Orgill, 87 Ark. 389
(1908). This, however, is a question of fact which this office is not in a position to determine.
In response to your specific questions therefore, the statute at issue, A.C.A. 14-234-108, may apply to the contract you mention, but a conclusive response would require a review of all the circumstances surrounding its execution. If it does apply, the contract is at the least terminable at the will of either party, and may be invalid such that new contracts must be executed. Prior performance under the contract, however, may have ratified that portion of the contract which exceeds the twenty year statutory limitation, and this portion of the contract may be expressly ratified by action of the city councils.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh